## SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-2655

E-MAIL ADDRESS
bostrager@stblaw.com

<u>VIA ECF AND HAND DELIVERY</u>          February 19, 2008

Re:   *Dolan, et al. v. Fidelity National Title Insurance Co., et al.*,
      08-cv-466 (JFB)(WDW); *MBSF Alabama LLC v. Fidelity
      National Title Insurance Co., et al.*, 08-cv-528 (JFB)(WDW)

The Honorable Joseph F. Bianco
United States District Court
for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Dear Judge Bianco:

      We represent Defendants Fidelity National Financial, Inc., Fidelity National Title Insurance Company, Ticor Title Insurance Company, and Chicago Title Insurance Company (collectively, the "Fidelity Defendants") in the above-captioned actions. The Fidelity Defendants intend to seek leave to move to dismiss the identical complaints in both actions, and we write pursuant to Your Honor's Individual Motion Practice and Rules to request a pre-motion conference as soon as it is convenient for the Court.[1] Additionally, the Fidelity Defendants request a stay of all proceedings pending the Court's decision on the motion to dismiss. The basis for the motion follows.

**New York's Statutory Title Insurance Ratesetting Scheme**

      The defendants in this action are title insurance companies (or their parent companies) that are licensed to sell title insurance in New York as well as the Title Insurance Rate Service Association, Inc. ("TIRSA"). Pursuant to statute, TIRSA is a title insurance rate service organization, which submits financial information from its members,

---

[1] After these actions were commenced, several substantially identical complaints were filed in the Southern District of New York and assigned or referred to the Honorable Kenneth M. Karas. We are in the process of requesting that these actions be transferred to Your Honor. Those cases are: *Galiano v. Fidelity National Title Insurance Co., et al.*, No. 08 Civ. 1317 (KMK) (S.D.N.Y.); *Kromer, et al. v. Fidelity National Title Insurance Co., et al.*, No. 08 Civ. 1494 (KMK) (S.D.N.Y.); *Miley v. Fidelity National Title Insurance Co., et al.*, No. 08 Civ. 1547 (S.D.N.Y.); and *Maratta v. Fidelity National Title Insurance Co., et al.*, No. 08 Civ. 1597 (S.D.N.Y.).

SIMPSON THACHER & BARTLETT LLP

The Honorable Joseph F. Bianco -2- February 19, 2008

including defendants, and files proposed title insurance rates for approval by the Superintendent of Insurance. N.Y. Ins. Law § 2305. The Superintendent considers, among other things, whether the proposed rates are "unreasonable." *Id.* Once the filed rates go into effect, TIRSA members are prohibited from deviating from those rates. *Id.* § 6409(b). In the face of this statutory scheme, plaintiffs allege that defendants "conspired" through TIRSA to set title insurance rates since 1991.

### Grounds for Dismissal

**Filed Rate Doctrine:** The filed rate doctrine "holds that any 'filed rate' – that is one approved by the governing regulatory agency – is per se reasonable and unassailable in judicial proceedings brought by ratepayers." *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994). The doctrine "precludes a plaintiff from asserting an antitrust claim for damages based on the grounds that a rate filed with and approved by a regulator as reasonable was nonetheless excessive or inadequate because it was the product of an anticompetitive conspiracy or other unlawful conduct by defendants." *Uniforce Temp. Pers., Inc. v. Nat'l Council on Comp. Ins., Inc.*, 892 F. Supp. 1503, 1512 (S.D. Fl. 1995). It applies whenever damages would be "measured by comparing the filed rate and the rate that might have been approved absent the conduct in issue." *H.J. Inc. v. Nw. Bell Tel. Co.*, 954 F.2d 485, 488 (8th Cir. 1992). To measure damages here, the Court would have to determine what title insurance rates would have been absent the alleged conspiracy, precisely what the filed rate doctrine forbids. *Cf. Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409 (1986) (applying doctrine to reject claim involving an alleged conspiracy to submit inflated rates to regulatory agency).

**State Action Doctrine:** Pursuant to the state action doctrine, a state regulatory scheme precludes antitrust liability if the challenged restraint is based on a clearly articulated state policy and the state has actively supervised that policy. *FTC v. Ticor Title Ins. Co.*, 504 U.S. 621, 633 (1992). New York's policy is clearly articulated in its statutory ratesetting scheme. Moreover, public documents of which the Court can take judicial notice demonstrate that the New York Insurance Department unquestionably has actively supervised TIRSA's rates service activities. For example, TIRSA and title insurance companies submit financial information annually to the Insurance Department, and the Insurance Department has, on numerous occasions since TIRSA's formation, reduced TIRSA proposed rates, requested additional information in connection with TIRSA rate proposals, and conducted its own analyses of title insurance rates. Application of the state action doctrine requires no more. *See Patrick v. Burget*, 486 U.S. 94, 100-01 (1988) (state officials must "have and exercise power to review particular anticompetitive acts").

**The McCarran-Ferguson Act:** The McCarran-Ferguson Act exempts the "business of insurance" from federal antitrust liability. 15 U.S.C. § 1012(b). Congress's "primary concern" in passing the McCarran-Ferguson Act "was that cooperative ratemaking efforts" – like those at issue here – "be exempt from the antitrust laws.'" *Union Labor Life*

SIMPSON THACHER & BARTLETT LLP

The Honorable Joseph F. Bianco  -3-  February 19, 2008

*Ins. Co. v. Pireno*, 458 U.S. 119, 129 (1982) (internal quotation marks omitted). Thus, the exemption bars the antirust claims here.

  **Failure to State a Claim:** The complaints allege that defendants conspired to "embed" inflated agency costs in TIRSA's rate proposals. There are no facts alleged, however, to support this claim. Thus, the complaints merely allege parallel action, which is not enough to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (alleging parallel conduct with "a bare assertion of conspiracy will not suffice"); *cf. Arista Records LLC v. Lime Group LLC*, No. 06 Civ. 5936 (GEL), 2007 WL 4267190, at *14 (S.D.N.Y. Dec. 3, 2007) (allegation that defendants "utilized" a trade association "as a vehicle for concerted action" insufficient under *Twombly*).[2]

### Grounds for a Stay

  Courts considering a stay pending a dispositive motion look at factors such as the strength of defendants' dismissal arguments, "the breadth of discovery and the burden of responding to it," and prejudice to the opposing party. *See, e.g., Port Dock & Stone Corp. v. Oldcaster Northeast, Inc.*, No. CV 05-4294 DRH ETB, 2006 WL 897996, at *1 (E.D.N.Y. Mar. 31, 2006). Here, there are threshold defects in plaintiffs' claims that bar application of the Sherman Act to the challenged conduct. Moreover, the breadth of potential discovery in this case is staggering. Plaintiffs are challenging conduct that dates back to the 1991 formation of TIRSA and the claims potentially involve the substantial majority of real estate purchases in New York since that time. *Cf. Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay "because the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery"); *see also Twombly*, 127 S. Ct. at 1967 (noting the "potentially enormous expense of discovery" in antitrust cases). Finally, a stay will cause plaintiffs no prejudice, particularly considering that the Fidelity Defendants are willing to brief the motion to dismiss quickly, and propose to file the motion to dismiss within 30 days after the pre-motion conference.

  We look forward to addressing these issues at the pre-motion conference.

            Respectfully submitted,

            Barry R. Ostrager

cc: Gordon Schnell, Esq. (via ECF)
   Hollis L. Salzman, Esq. (via ECF)

---

[2] The Fidelity Defendants reserve the right to include additional grounds for dismissal in their motion.