# CONSTANTINE | CANNON

**Gordon Schnell**
Attorney at Law
212-350-2735
gschnell@constantinecannon.com

NEW YORK | WASHINGTON

May 20, 2009

**By ECF and Overnight Delivery**

The Honorable Thomas C. Platt
U.S. District Court, Eastern District of New York
1044 Federal Plaza, P.O. Box 9014
Central Islip, NY 11722-9014

> Re:  *Dolan et al. v. Fidelity National Title Ins. Co. et al.*,
>      No. 2:08-cv-466 (TPC) (WDW)

Dear Judge Platt:

On behalf of plaintiffs in the above-referenced action, we write in response to defendants' May 18 letter to the Court enclosing the recent dismissal order in *Winn v. Alamo Title Ins. Co.*, No. 09-CA-214 (W.D. Tex. May 13, 2009) (the "Order"). Contrary to defendants' assertion that *Winn* supports their motion to dismiss here, that decision actually demonstrates why the filed rate doctrine does *not* apply.

Central to the court's dismissal in *Winn* was its finding that -- "[n]otably" and "significantly" -- title insurance in Texas is subject to "comprehensive regulation." Order at 8-9, 12. The plaintiffs there did not argue otherwise. *Id.* 8, 12. The court found this kind of title insurance regime "clearly distinguishable" from the "lax" regime at issue in *Blaylock v. First Am. Title Ins. Co.*, 504 F. Supp. 2d 1091 (W.D. Wash. 2007) where the court refused to apply the filed rate doctrine. Order at 12.

This case too involves a title insurance regime "clearly distinguishable" from the Texas regime. New York has no meaningful regulation, the Insurance Department does not have the authority to fully review defendants' rate filings, and defendants' filings do not even comply with the state filing requirements.[1] *Winn* does not support the filed rate doctrine under these circumstances. On the contrary, it counsels against the doctrine's application to just such a "lax review process." Order at 12.[2]

---

[1] The Texas regime is particularly distinguishable from New York because the Texas Insurance Department has explicit authority over title agents and their costs. Tex. Ins. Code. Ann. § 2703.153 (Vernon 2009).

[2] With their letter, defendants also enclosed the dismissal order in *Classic Homes & Development, LLC v. Fidelity Nat. Title Ins. Co.* (E.D. Ark. May 12, 2009). That decision is inapposite. It did not involve the filed rate doctrine.

114613.1

450 LEXINGTON AVENUE, NEW YORK, NY 10017   TELEPHONE: (212) 350-2700   FACSIMILE: (212) 350-2701   WWW.CONSTANTINECANNON.COM
A LIMITED LIABILITY PARTNERSHIP

# CONSTANTINE | CANNON

NEW YORK | WASHINGTON

The Honorable Thomas C. Platt
May 20, 2009
Page 2

                        Respectfully submitted,

                        Gordon Schnell

cc:     Counsel of Record (by ECF and email)

114613.1